IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MLR, LLC, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HEWLETT-PACKARD COMPANY, | )   JURY DEMANDED |
| | ) |
|         Defendant. | ) |
| | ) |

## **COMPLAINT**

Plaintiff MLR, LLC complains of Defendant Hewlett-Packard Company as follows:

### JURISDICTION AND VENUE

1. Title 28 of the United States Code Section 1338(a) confers subject matter jurisdiction on this Court because Defendant has infringed plaintiff's patents. The Patent Act of 1952, as amended, 35 U.S.C. § 271, *et seq.*, makes patent infringement illegal and actionable through a private cause of action.

2. Defendant has transacted business in this judicial district by making, using, selling, or offering to sell and distributing products that infringe MLR's patents either in this judicial district or in the United States.

3. Venue is proper in the Northern District of Illinois under the general federal venue statute, 28 U.S.C. § 1391(d), and under the specific venue provision relating to patent-infringement cases, 28 U.S.C. § 1400(b).

### PARTIES

4. MLR is a Virginia limited liability company with offices at 6190 Hardy Drive, McLean, Virginia 22101. MLR is the assignee and owns all right, title and interest

in and has standing to sue for infringement of United States Patent Nos. 7,386,322, 7,343,173, 6,961,584, 6,934,558, 6,134,453, and 5,854,985 ("the MLR Patents").

5. Hewlett-Packard Company ("HP") is a California corporation with its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304-1185. HP has previously and is presently making, using, selling, offering for sale, and/or importing into the United States portable wireless products that infringe one or more claims of the MLR Patents. HP has infringed the MLR Patents either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

## BACKGROUND

6. MLR is the owner of patent rights, which cover commercially significant technologies related to the control of multi-mode, multi-frequency, and multi-protocol networks for electronic communications devices. The MLR patents, for example, cover portable wireless devices, such as cellular handsets and portable computers, which can access different cellular or wireless networks to facilitate wireless voice and/or data communications.

7. Defendant designs, manufactures, and sells portable wireless devices, including portable computing devices, which infringe the MLR Patents.

## PATENT INFRINGEMENT

8. Defendant has infringed and continues to infringe the MLR Patents both directly and indirectly (through acts of contributory infringement or inducement).

9. Defendant's infringing products include multi-mode Wi-Fi enabled and broadband-capable portable computers and laptop computers. Infringing portable computers and laptop computers include without limitation those HP models listed in Exhibit A to this complaint.

10. Defendant's infringement, contributory infringement and/or inducement to infringe has injured MLR and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

11. Defendant's infringement, contributory infringement and/or inducement to infringe has been willful because it has known of the MLR Patents and has nonetheless injured and will continue to injure MLR, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale and/or offer for sale of products or services that come within the scope of the MLR Patents.

## JURY DEMAND

MLR demands a trial by jury on all issues presented that can properly be tried to a jury.

## REQUEST FOR RELIEF

MLR asks this Court to enter judgment against Defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A. An award of damages adequate to compensate MLR for the infringement that has occurred, together with prejudgment interest from the date infringement began;

B. All other damages permitted by 35 U.S.C. § 284;

C. A finding that HP's infringement has been willful;

D. A finding that this case is exceptional and an award to MLR of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the MLR Patents; and

F. Such other and further relief as this Court or a jury may deem proper and just.

Dated: February 10, 2014

Respectfully submitted,

/s/Michael R. La Porte
William W. Flachsbart
wwf@fg-law.com
Michael R. La Porte
mrl@fg-law.com
Travis Campbell
tc@fg-law.com
Flachsbart & Greenspoon, LLC
333 N. Michigan Ave., 27th Floor
Chicago, IL 60601
Tel: 312-551-9500
Fax: 312-551-9501

ATTORNEYS FOR PLAINTIFF, MLR, LLC