IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MLR, LLC,                                   )
                                            )
       Plaintiff,                       )   No. 14 C 912
                                            )
  v.                                        )
                                            )
HEWLETT PACKARD COMPANY,                    )
                                            )
       Defendant.                       )

MEMORANDUM OPINION AND ORDER

James F. Holderman, Senior District Judge

On February 10, 2014, MLR, LLC ("MLR"), a technology development and licensing company, filed its complaint alleging infringement of certain of its United States patents by Hewlett Packard Company ("HP") (Dkt. No. 1). The MLR's patents cover portable wireless devices, such as cellular handsets and portable computers, which can access different or wireless networks to facilitate wireless voice and data communications. *Id.* The case was reassigned to this court pursuant to the Patent Case Pilot Program (Dkt No. 8) in which this district voluntarily is participating.

HP denied infringement in its Answer (Dkt. No. 15) and asserted in its "Second Affirmative Defense" (*Id.* at 5) and in its "First Counterclaim" (*Id.* at 9) that "The Products accused by MLR are covered by a "royalty-free, fully paid-up license" (the "[MLR/Handspring] License") entered by and between Handspring, Inc., *inter alia*, for the benefit of Palm, Inc., HP's wholly owned subsidiary."

The parties have filed cross motions seeking summary judgment on HP's license affirmative defense and counterclaim of license. MLR's motion was filed on July 8, 2014 (Dkt.

No. 25) and HP's on August 5, 2014 (Dkt. No. 39). Those motions have been fully briefed with some of the supporting factual information filed under seal, pursuant to the parties Stipulated Protective Order entered on August 27, 2014 (Dkt. No. 53). For the reasons stated in this opinion, HP's motion is granted and MLR's is denied.

I. Uncontested Material Facts

Plaintiff MLR, LLC is a Virginia limited liability company with offices at 6190 Hardy Drive, McLean Virginia 22101. Defendant HP is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

On July 15, 2003, Handspring obtained a license from MLR ("The MLR/Handspring License") of all patents-in-suit. On October 29, 2003, Palm acquired Handspring. In 2010, Palm, Inc. merged with HP and became HP's wholly-owned subsidiary. HP was a successor in interest under the MLR/Handspring License. (Dkt. No. 51).

II. Summary Judgment Legal Standard

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer* v. *Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *Woodruff* v.

2

*Mason*, 542 F.3d 545, 550 (7th Cir. 2008). The court does not make credibility determinations or weigh conflicting evidence. *McCann* v. *Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

III. Discussion

The parties by pursuing this litigation in federal district court have sought a public adjudication of their dispute. Their redactions from their public filings, such as redacting all the provisions of the MLR/Handspring License (Dkt. No. 29-1, Exhibit A) on which their dispute is premised, make it very difficult for this court to articulate the reasoning of the court's determination in an opinion filed in the public record. Consequently, the court will do its best to accommodate the parties' desires for confidentiality, but to the extent information that was filed under seal is stated in this opinion, the court is vacating the Stipulated Protective Order regarding that information and requiring by this order that the information be disclosed as contemplated by paragraph 10 of the MLR/Handspring License.

The primary issue the parties present by their respective filings turns in large part on the clear language of the MLR/Handspring License. "[I]f a contract is clear on its face and the text contains no clue that the contract might mean something different from what it says, then the inquiry is over – no evidence outside of the contract may be considered." *Home Ins. Co. v. Chi. & Nw. Transp. Co.,* 56 F.3d 763, 767 (7th Cir. 1995); *see also, Curia v. Nelson,* 587 F.3d 824, 829 (7th Cir. 2009).

MLR admits: "All of the patents-in-suit are subject to the MLR License." (Dkt. No. 51 at 2). The MLR/Handspring License contains the following pertinent provisions at its outset regarding the parties:

> This Agreement ("Agreement"), effective as of July 15, 2003, is entered into between MLR, LLC, a Virginia limited liability corporation ("MLR"), on the

one hand, and Handspring, Inc., a Delaware corporation, together with Palm, Inc. and PalmSource, Inc. upon the completion of the acquisition of Handspring, Inc. by Palm, Inc. (the "Merger"), and as it or they may be reorganized or renamed (collectively, "Handspring"), on the other hand. The parties acknowledge that Palm, Inc. may change its corporate name following the Merger. "Handspring" shall also include all "Affiliates" of Handspring, Inc., and, upon the closing of the Merger, all Affiliates of Palm, Inc. and PalmSource, Inc.

Regarding the definition of "Affiliate," the MLR/Handspring License states:

For purposes of this Agreement, "Affiliate" means any entity that directly or indirectly controls, is controlled by, or is under common control with Handspring, Inc. or Palm, Inc. For purposes of this definition, "control" shall mean direct or indirect ownership of at least fifty percent (50%) of the voting power, capital or other securities of controlled or commonly controlled entity.

As to the parties' intent regarding the then existing issued patents, the MLR/Handspring

License states:

> WHEREAS, Handspring is desirous of obtaining a full release and a royalty-free, fully paid-up license under all of MLR's existing issued patents (and MLR is willing to grant the same) including, without limitation, rights under United States Patent Nos. [specific patents] . . . .

Regarding the parties' intent as to currently pending patent applications, the

MLR/Handspring License in pertinent part states:

> WHEREAS, MLR currently has pending before the United States Patent and Trademark Office six patent applications, specifically: [identified applications] . . .; and Handspring is desirous of obtaining (and MLR is willing to grant the same) a full release and royalty-free, fully paid-up license under any and all patents that might issue based on said applications, and all foreign and U.S. Patents or patent applications corresponding to or relating to any of the above-referenced patent applications or to any of the MLR Existing Patents, including but not limited to continuations, continuations in part, divisionals, divisionals in part, reexaminations, reissues and reissues in part of any of the foregoing U.S. or foreign patent applications or any of the MLR Existing Patents; and nay patents and patent applications that claim priority to or will issue from any of the foregoing U.S. or foreign patent application (collectively, the "MLR Future Patents") . . . .

Regarding the parties' intent as to the future, the MLR/Handspring License States:

>WHEREAS, MLR is prepared to grant royalty-free, fully paid-up irrevocable rights under its MLR Existing Patents, MLR Future Patents and any and all corresponding foreign counter part patents (collectively, the "MLR Patents") and to release Handspring anywhere in the world relating to the MLR Patents.

Regarding specific litigation, the MLR/Handspring License states:

>WHEREAS, MLR has brought a claim for infringement of various United States patents against Handspring in [specifically named courts and lawsuits] . . . (collectively the "Lawsuits"), and both MLR and Handspring, for good and valuable consideration, including without limitation the licenses and rights referenced hereinabove, wish to dismiss the Lawsuits with prejudice, each party to bear its own expenses and attorneys' fees.

As to the parties' mutual covenants, representations, warranties and agreements, the MLR/Handspring License states in pertinent part:

>NOW, THEREFORE, in accordance with the foregoing recitals, which are incorporated by reference, and in consideration of the mutual covenants contained herein, MLR and Handspring agree as follows:
>
>1. <u>Representations and Warranties by MLR</u>.  MLR warrants and represents that:  (i) it is the sole and exclusive owner of the MLR Patents including the right to sue for alleged past infringement;  (ii) the recitals to this Agreement accurately describe all of MLR's existing issued patents and all of MLR's pending United States patent applications;  (iii) at all times during the term of this Agreement it has and will continue to have full right and power to grant the releases, covenants not to sue and licenses set forth in this Agreement;  (iv) there are not outstanding agreements , assignments or encumbrances inconsistent with the releases, covenants not to sue and licenses set forth in this Agreement; and (v) it has not entered into and shall not enter into any agreement, assignment or encumbrance that would interfere with the releases, covenants not to sue, and licenses set forth in this Agreement.
>
>2. <u>Mutual Representations and Warranties</u>.  Each party warrants and represents that it has the sole right and exclusive authority to execute this Agreement and that it has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand, or any portion of or interest in any claim or demand, relating to any matter covered by this Agreement.

3. <u>Settlement Amount</u>.  In full and complete consideration of the releases, covenants not to sue and licenses set forth in this Agreement, Handspring shall pay to MLR [a specified amount of money] . . . .

Regarding the release by MLR, the MLR/Handspring License states:

4. <u>Release by MLR</u>.  Upon Handspring's payment of the lump-sum Settlement Amount set forth in paragraph 3 above, MLR hereby forever releases and discharges, and further covenants not to sue, Handspring and all persons within its chain of manufacture and distribution, including without limitation its direct and indirect licensees, suppliers (including but not limited to contract manufacturers), distributors, customers and end-users, as well as its officers, directors, employees, shareholders, attorneys, accountants, agents and assigns, from any and all claims, demands, causes of action, damages, liabilities, losses or other obligations related to the MLR Patents in any way that were made or could have been made by MLR in any lawsuit anywhere in the world, including without limitation, in the Lawsuits, but solely with respect to the Handspring Products (or any component thereof) and the Handspring Services (each defined in Section 7 below).

Regarding the release by Handspring, the MLR/Handspring License states:

5. <u>Release by Handspring</u>.  Handspring hereby forever releases and discharges, and further covenants not to sue, MLR and its officers, directors, employees, shareholders, attorneys, accountants, agents and assigns, from any and all claims, demands, causes of action, damages, liabilities, losses or other obligations related to the MLR Patents in any way that were made or could have been made by Handspring in any lawsuit anywhere in the world, including, without limitation, in the Lawsuits, but solely with respect to the Handspring Products (or any component thereof) and the Handspring Services (each defined in Section 7 below).

Regarding the parties' acknowledgment of releases, the MLR/Handspring License states:

6. <u>Acknowledgment of Releases</u>.  Each party expressly agrees that the releases set forth in Sections 4 and 5 extend to claims both known and unknown, past and present.  Each party fully understands that if the facts with respect to this Agreement are found hereafter to be other than or different from the facts now believed by it to be true, it expressly accepts and assumes the risk of such possible differences in fact and agrees that this Agreement and the releases herein shall be and remain effective, notwithstanding any such differences. Each party expressly waives any rights or benefits available to it under the provisions of Section 1542 of the California Civil Code or any equivalent provisions under the laws of any other jurisdiction.  Section 1542 of the California Civil Code is quoted as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each party understands the statutory language of Section 1542 of the California Civil Code but nevertheless elects to specifically waive any rights that the party may have under that Civil Code section or any equivalent provisions under the laws of any other jurisdiction. Each party states that this Agreement is executed voluntarily by it with full knowledge of its significance and legal effect.

As to the license to Handspring, the MLR/Handspring License states:

> 7. <u>License to Handspring</u>. Upon payment of the lump-sum amount set forth in paragraph 3 above, MLR also hereby grants to Handspring, its agents and assigns, a fully paid-up, irrevocable, perpetual (i.e., as to each MLR Patent for the life of such patent on a jurisdiction-by-jurisdiction basis) non-exclusive, non-transferable, worldwide, retroactive and future license under the MLR Patents, for the life of the MLR Patents, to make, use, sell, export, import, have made, offer to sell, lease, distribute and otherwise transfer Handspring Products (defined herein) and to supply and to engage third parties to supply Handspring Services (defined herein). For purposes of this Agreement, "Handspring Products" means any product that is covered by one or more of the claims of any MLR Patents or that practices any method or process claimed in any MLR Patents including but not limited to any products that at any time (before or after execution of this Agreement): (i) is manufactured or sold by Handspring; (ii) is manufactured for Handspring directly or indirectly through intermediate vendors for supply to Handspring; or (iii) is distributed by or on behalf of Handspring and bears Handspring trademarks; and "Handspring Services" means any service provided by or for Handspring of any kind or nature that is covered by one or more of the claims of any MLR Patents or any method or process performed by a Handspring Product and covered by one or more claims of any MLR Patents. The license granted in this paragraph 7 also extends to all persons within Handspring's chain of manufacture and distribution, including without limitation its suppliers (including but not limited to contract manufacturers), distributors, customers and end-users, but solely with respect to the Handspring Products and Handspring Services.

Regarding the personal nature of the agreement, the MLR/Handspring License states:

> 9. <u>Personal Nature</u>. The releases, covenants not to sue and license set forth above are personal to Handspring and MLR; provided, however, Handspring may transfer the rights granted in this Agreement to a successor entity that acquires all or substantially all of the applicable business to which the Handspring Products and Handspring Services relate. In the event of such a transfer, the releases, covenants not to sue and licenses shall apply solely to Handspring

7

Products and Handspring Services (including but not limited to the products or services of Palm, Inc., Handspring, Inc. and/or the surviving entity following the Merger). However, MLR specifically retains all of its rights under the MLR Patents (including the right to bring and/or prosecute suits for patent infringement) against any third parties not expressly released or licensed by this Agreement. Handspring will have no obligation to notify MLR of any discovered infringement of MLR Patents by third parties or to police such infringement.

As to the confidentiality of the agreement, the MLR/Handspring License states:

> 10. <u>Confidentiality of Agreement</u>. The parties to this Agreement agree to maintain all terms and conditions of this Agreement in confidence, except that: (i) this Agreement may be disclosed to the extent required by a court, government agency, Nasdaq National Market, United States Securities and Exchange Commission, or by applicable law, order, rule or regulation; (ii) this Agreement may be disclosed to the insurers, attorneys, financial institutions, accountants or other professional advisors of either party to this Agreement in the course of seeking professional advice; (iii) this Agreement may be disclosed to third parties with which either party to this Agreement is discussing a proposed sale of its stock, sale of all or substantially all of its assets, obtaining financing or entering into a partnering arrangement, provided that the each third party to whom the terms of this Agreement is to be disclosed under clauses (ii) or (iii) above has entered into a confidentiality agreement sufficient in scope to protect the rights and interests hereunder of the parties to this Agreement; and (iv) this Agreement may be disclosed to the parties' respective employees, suppliers and distributors to the extent reasonably necessary to carry out the activities granted under the License herein. Each party agrees that it will not publicly distribute any press release, advertisement and/or other disclosure of this Agreement without the other party's prior written approval.

Regarding the license constituting the entire agreement, the MLR/Handspring License states:

> 14. <u>Entire Agreement</u>. This Agreement constitutes the entire and exclusive agreement and understanding among the parties with respect to the subject matter therein, and supersedes and replaces any prior agreements and understandings, whether oral or written, among them with respect to such matters. The provisions of the Agreement may be waived, altered or amended in whole or in part only upon the written consent of the parties to the Agreement.

Although the MLR/Handspring License contains other provisions not quoted above, the court in making this determination has relied on those as specifically stated as the most material.

In paragraph 7 of the MLR/Handspring License, the parties expressly and clearly defined the scope and coverage of the license granted by MLR to "Handspring, its agents and assigns," (MLR/Handspring License ¶ 7). Paragraph 7 of the MLR/Handspring License includes and defines "Handspring Products" as "any product that is covered by one or more of the claims of any MLR Patents, or that practices any method or process claimed in any MLR Patents." The fact that paragraph 7 goes on to say, "including but not limited to" does not diminish or limit the scope of the granted license. *See, Maes v. Folberg*, 504 F. Supp. 2d 339, 349 (N.D. Ill. 2007) ("the phrase 'including, but not limited to' suggested breadth rather than limitation."); *see also, Northern Trust Co. v. MS Securities Services, Inc.,* 2006 WL 695668, *6 (N.D. Ill. 2006); *Majchrowski v. Norwest Mort.*, 6 F. Supp. 2d, 946, 965 (N.D. Ill. 1998). MLR's argument that the phrase, "including but not limited to" means "limited to" is unavailing.

The stated scope of the MLR/Handspring License provided by paragraph 7 is as stated above: "any product that is covered by one or more of the claims of any MLR Patents, or that practices any method or process claimed in any MLR Patents." The products of HP as the uncontested successor in interest of the MLR/Handspring License are clearly covered in that license. The duration of the MLR/Handspring License is "for the life of the MLR Patents" as stated in paragraph 7.

The use of the words "personal" and "solely" in paragraph 9 of the MLR/Handspring License must be considered along with the further provision in paragraph 9, "Handspring may transfer the rights granted in this Agreement to a successor entity that acquires all or substantially all of the applicable business to which the Handspring Products and Handspring Services relate."

The following sentence in Paragraph 9, which contemplates future transactions, states: "In the event of such a transfer, the releases, covenants not to sue and licenses shall apply solely

to Handspring Products and Handspring Services (including but not limited to the products or services of Palm, Inc., Handspring, Inc. and/or the surviving entity following the Merger)." The phrase "Handspring Products" and "Handspring Services" as used in the above quoted sentence in paragraph 9 must be interpreted as defined in paragraph 7 of the MLR/Handspring License. To reiterate, the sentence in paragraph 7 defining "Handspring Products" states: "For purposes of this Agreement, 'Handspring Products' means any product that is covered by one or more of the claims of any MLR Patents or that practices any method or process claimed in any MLR Patents including but not limited to any products that at any time (before or after execution of this Agreement): . . . ."

MLR's argument regarding the "commercial absurdity" must be considered cautiously because "there is always a danger that what seems commercially unreasonable to a court did not seem so to the parties." *Geneva Int'l, Corp. v. Petrof, Spol, S.R.O*, 608 F. Supp. 2d 993, 1002 (N.D. Ill. 2009) (quoting *XCO Int'l, Inc. v. Pac. Scientific Co.*, 369 F.3d. 998, 1005 (7th Cir. 2004). MLR has not presented a material factual dispute that would require a trial on the issue of commercial absurdity. The MLR and Handspring struck a balance of the MLR/Handspring License's scope and transferability that made and still makes commercial sense based on the undisputed material facts and the clear language in the MLR/Handspring License. HP is a defined "Affiliate" of Palm, Inc. Palm, Inc. is specifically identified in the initial definitional section on the first page of the MLR/Handspring License. It states in part, "The parties acknowledge that Palm, Inc. may change its corporate name following the Merger."[1]

The MLR/Handspring License, which expressly covered Palm, Inc., and its "Affiliates," contemplated the future with its use of the present tense and specific reference to coverage being accorded "all Affiliates of Palm, Inc. and PalmSource, Inc." stated in the first paragraph of the

---

[1] The term "Merger" referred to "the acquisition of Handspring, Inc. by Palm, Inc. (the "Merger"). *Id*.

10

MLR/Handspring License. Furthermore, the parties contemplated that Palm, Inc. "may be reorganized or renamed" following the "Merger." *Id.*

As stated earlier, the term "Affiliate" as defined in the first paragraph on page 1 of the MLR/Handspring License, "means any entity that directly or indirectly controls, is controlled by, or is under common control with Handspring, Inc. or Palm, Inc. For purposes of this definition, "control" shall mean direct or indirect ownership of at least fifty percent (50%) of the voting power, capital or other securities of controlled or commonly controlled entity."

The parties to the MLR/Handspring License clearly contemplated and expressly addressed the MLR/Handspring License covering the products of any entity that is within the definition of "Affiliate" of Palm, Inc., which clearly HP is.

## CONCLUSION

For the reasons stated in this opinion, Plaintiff MLR, LCC's Motion for Summary Judgment on Hewlett Packard's Affirmative Defense of License (Dkt. No. 25) is denied, and defendant Hewlett Packard Company's Motion for Summary Judgment of Noninfringement Based on License (Dkt. No. 39) is granted. Judgment is entered in favor of Hewlett Packard and against MLR. All issues having been resolved, this case is terminated in its entirety.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: November 5, 2014